UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROY SYLVESTER HOLLOWAY,

    Plaintiff,

    v.

Ms. B. RICHARDS,

    Defendant.

No. C 15-3159 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 3.)

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that a prison employee behaved improperly.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  With respect to excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  But not every malevolent touch by a prison guard gives rise to a federal cause of action.  *Id.* at 9.  The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes

from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Id.* An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Id.* Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Plaintiff states that on October 29, 2013, he was working when the defendant came within one feet of him and intentionally bumped into him and then for ten minutes stated, "Are you kidding me, motherucker" Are you motherfucking kidding me?  Are you going to just stand there motherfucker?" Plaintiff states he was put in administrative segregation on November 7, 2013.  He provides no other information in the complaint and seeks monetary damages.  Plaintiff's allegations fail to state a constitutional violation.  The bump was a de minimis use of force and allegations of verbal harassment do not state a claim.  Plaintiff will be provided one opportunity to amend to cure these deficiencies.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 6, 2015.

NANDOR J. VADAS
United States Magistrate Judge